F&eeMAN, J.,
delivered the opinion of the Court.
The suit 'in this ease, as well as we are able to trace it through the tangled mazes of this peculiar record, was commenced as against Odell, by warrant, issued by a Justice of the Peace for Lauderdale County, in favor of Charles Koppee, the plaintiff below.
The warrant commanded the officer to summon S. K. Odell to answer said Koppee “in an action of damages for a sum. under $250.”
There was judgment against Odell in favor of plaintiff, from which he appealed to the Circuit Court. At July Term, 1869, Odell moved to discontinue the ease in the Circuit Court as to him, for what reason does not appear in the motion, which motion was overruled by the Court. We may here say, that we have repeatedly held, that the proper practice in all such eases is to put the grounds of the motion on record, or else we can not see whether the Court erred in its action or not. We, therefore, pass from this to other questions presented in the record.
It' is insisted that the suit ought to have been dismissed because the warrant against Odell states no cause of action. The cause of action stated is “to answer Charles Koppee in an action of damages for a sum under $250:”
Every intendment is to be made in favor of the validity and sufficiency of proceedings before a Justice of the Peace: Code, 4176. But, while we cheerfully conform to this mandate of the Legislature in favor of these domestic tribunals, still we must go no further *90 than the law authorizes; nor should we violate the positive requirements of the Code in order to sustain them.
The form of a warrant by a Justice of the Peace, as given by Code, sec. 4146, is that it shall be in substance, as follows: “ Summon A B, etc., to answer CD, in a civil action, by note, or upon open account, or otherwise, as the case may be, under - dollars.”
Here it is plainly prescribed that the warrant is, in substance, to state briefly the cause of the action. It has been held by this Court, and we think correctly, that there must be some sufficient statement in the warrant to indicate to the defendant the charge he is to answer. In the language of the Court, in case of Wood v. Hancock, 4 Hump., 467, “ Some general statement indicating the grounds of the action, so that the defendant may not be mi,sled in preparing his defence.” See also 9 Hump., 749.
In this warrant there is no statement at all of any “ cause of action,” but only a claim for damages, but for what cause is not stated. This is no compliance with even the most liberal construction of the law in favor of these proceedings.
There is no motion to quash the 'warrant, which would have been equivalent to a demurrer, nor any motion in arrest of judgment, but alone on the part of Odell a motion to dismiss the suit, or to discontinue it. We, therefore, can not reverse in this Court for this error, as it does not go to the merits, and the Court was not put in error by proper motion; and if such motion had been made, the warrant could and would, no doubt, have been amended. We can not *91 allow the party for the first time to state bis ground of objection to an amendable defect in this Court, and to get the benefit of it under such circumstances.
Charles Koppee, the plaintiff, was introduced as a witness. He was asked by counsel of defendant what was the book that he held in his hand, and to which the witness answered, “it is the New Testament — I am a Roman Catholic.” The bill of exceptions says, “witness was then sworn; defendant then proposed to prove, by various persons, that said Koppee was incompetent as a witness, by reason of insufficient religious belief, viz., that he disbelieved in God or a future state of rewards and punishments,” which the Court refused to allow until after witness had been interrogated as to his religious belief, to which defendant excepted.
This question was before this Court, in case of Harrel v. State, 1 Head, 126, 127, where the rule is cited, as to the mode of proving want of religious belief, from Mr. Greenleaf on Evidence, and that the ordinary mode is by proof of his declarations previously made to others, vol. 1, s. 370, n. 2; and the rule as given by Starkie is also cited, that, “before a witness is sworn, he may be asked whether he believes in a God, in the obligation of an oath, etc.; and if In? does not, he can not be permitted to give evidence.”
The Court say, “we have recently held, in an unreported case, that a party seeking to exclude a witness on this ground, may adopt either mode of proof.” If the witness really disregards the obligation of an oath, it would seem, say the Court, “to be neither safe nor consistent to resort to his examination.”
*92 In tbis case, as we understand the bill of exceptions, the defendant proposed the mode of proving want of religious belief by introducing witnesses to show the declarations of the party, and the Court refused to allow it, except on condition they would first interrogate the witness himself. This was to impose a condition on the defendant not authorized by law, and was error in the Court below.
We have no hesitancy in holding that a witness, who is shown, by competent proof, not to believe in a God, or any responsibility for his conduct beyond such penalties as human laws may inflict, ought not to be allowed to go through the farce of being sworn, by which act he makes a solemn appeal to God for the truth of what he may say, when it is shown he does not recognize the existence of that Being to whom this appeal is made. We do not here, as a matter of course, refer to the rule that allows a witness to be sworn according to the forms deemed binding under the system of religion professed by him, whatever that system may be. We feel no disposition to relax the rule on this subjeet; for our conviction is, that not only all truth, both in speech as well as in conduct, must necessarily be largely dependent upon a sénse of religious responsibility; but we may add, that the man who has the hardihood to avow that he does not believe in a God, shows a recklessness of moral character and utter want of moral sensibility, such as very little entitles him either to be heard or believed in a court of justice sitting in a coimtry designated as Christian.
*93 For tbis error, let the ease be reversed and remanded to • the Circuit Court for a new trial.