### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

### WESTERN DIVISION.

### JACKSON, APRIL TERM, 1909.

MEMPHIS STREET RAILWAY COMPANY *v.* CARRIE FLOOD.

*(Jackson.* April Term, 1908.[1])

1. **JUSTICES OF THE PEACE.** Sufficiency of cause of action in warrant.

The warrant issued by a justice of the peace in a civil action must contain some general and brief statement of the plaintiff's cause of action sufficient to give the defendant reasonable notice of the general nature and character of the demand he is called upon to answer, so that he may not be misled in preparing his defense. (*Post, pp.* 61-75, 78, 79.)

Code cited and construed: Secs. 5958, 5988 (S.); secs. 4921, 4951 (M. & V.); secs. 4146, 4176 (T. & S. and 1858).

Cases cited and approved: Parris v. Brown, 5 Yerg., 267; Davis v. Parks, 6 Yerg., 260; Kirby v. Lee, 8 Yerg., 438; Pryor v. Hays, 9 Yerg., 417; Wood v. Hancock, 4 Humph., 465, 467; Manning v. Wells, 9 Humph., 746, 749; Odell v. Koppee, 5 Heisk., 90; Watkins v. Kittrell, 3 Bax., 42; Sale v. Eichberg, 105 Tenn., 333; Harrison v. McMillan, 109 Tenn., 78.

---

[1] This case was determined at the April term, 1908, but was received too late to be published with the cases of that term. It is, therefore, published with the cases of the April term, 1909.— REPORTER.

Railroad v. Flood.

Cases cited, distinguished, and approved:   Bodenhamer v. Boden-
hamer, 6 Humph., 264;  Large v. Dennis, 5 Sneed, 596.

2.  **SAME.  Same.  Case in judgment of an insufficient warrant.**
A justice's warrant requiring the defendant to appear and answer
plaintiff "in a plea of damages under $500" does not comply
with the rule stated in the preceding headnote based upon the
statute (Shannon's Code, sec. 5958) and the decisions of the
supreme court.  (*Post, pp.* 61-75, 78, 79.)

See citations under the preceding headnote.

3.  **SAME.  Same.  Statute in Code provisions especially relating
to justices prevails over other general provisions as to com-
mencment of actions.**
The statute (Shannon's Code, sec. 5958), prescribing the form of
a justice's civil warrant and requiring some general statement
of the nature and character of the demand sued on, is found
in the chapter of the Code especially relating to proceedings
before justices of the peace, and for that reason is controlling
over the other general provisions of the Code as to the com-
mencement of civil actions at law, where, by section 4522 of
Shannon's Code, it is provided that a justice's civil warrant may
be substantially the same as the form of the summons for the
commencement of actions in the circuit court prescribed in sec-
tion 4520 of Shannon's Code, which does not require the cause
of action to be stated therein, but leaves it discretionary with
the plaintiff or the officer issuing the same.  (*Post, pp.* 73, 74.)

Code cited and construed:  Secs. 4520, 4522, 5958 (S.);  secs. 3520,
3522, 4921 (M. & V.);  secs. 2815, 2817, 4146 (T. & S. and 1858).

4.  **SAME.  Same.  Failure to state a cause of action in the war-
rant is not cured by verdict for plaintiff.**
The failure to state a cause of action in a justice's civil warrant
will not be cured by a verdict for plaintiff in the circuit court.
The verdict will cure defects in the declaration where the cause
of action is imperfectly stated, or where the plea supplies the
matter omitted from the declaration, but not where no cause of
action is stated at all.  (*Post, p.* 73.)

Code cited and construed: Sec. 5958 (S.); sec. 4921 (M. & V.); sec. 4146 (T. & S. and 1858).

Cases cited and approved: Cannon v. Phillips, 2 Sneed, 185, 191; Odell v. Koppee, 5 Heisk., 88; Gas Co. v. Williams, 9 Heisk., 324; Read v. Gas Co., 9 Heisk., 550.

5. SAME. Same. Failure to state a cause of action in warrant is not cured by statute as to trials by consent where there has been no consent.

The statute (Shannon's Code, sec. 5931) providing that a case may be tried before a justice of the peace by consent of the parties, without a warrant, can have no application in a case where there was no such consent, so as to obviate or cure the defect in the warrant defective for its failure to state a sufficient cause of action as required by statute (Shannon's Code, sec. 5958). (*Post, p. 74.*)

Code cited and construed: Secs. 5931, 5958 (S.); secs. 4894, 4921 (M. & V.); secs. 4119, 4146 (T. & S. and 1858).

6. SAME. Same. Requirement that warrant shall briefly state the cause of action is not a mere technicality, but a substantial right.

The justice's warrant is intended not only as the original process to bring the defendant before the court, but also, at least to some extent, to take the place of a declaration. The requirement that the cause of action shall be briefly stated in the warrant is not a mere technicality, but an absolute necessity to prevent surprise and injustice. (*Post, pp. 74, 75.*)

7. SAME. Jurisdiction, dignity, and importance of their courts have been greatly increased and extended.

The jurisdiction of justices of the peace has been greatly increased and extended, and includes cases of very great importance, and their courts are of greater dignity and importance, and the public interest and rights of litigants require that their proceedings be conducted in better form and with more regularity and order than formerly, and the tendency of legislation and judicial decision is to bring this about rather than the contrary. (*Post, pp. 75, 76.*)

---

Railroad v. Flood.

---

**8. SAME. Defects in warrant not cured by statute as to amendments.**

The defect in a justice's warrant, defective for its failure to state briefly the cause of action or nature of the demand sued on, as required by statute (Shannon's Code, sec. 5958), is not cured by the statute (Shannon's Code, secs. 4583-4600), relating to the amendment of summonses or other proceedings in civil cases. The legislative intent expressed in said sections is that no process, pleading, or other proceeding shall be quashed for a formal defect, nor in certain cases for a matter of substance, where application to amend is seasonably made, and not to make a defective process or proceeding valid and effective for all purposes. (*Post, p.* 76.)

Code cited and construed: Secs. 4583-4600, 5958 (S.); secs. 3574-3591, 4921 (M. & V.); secs. 2863-2879, 4146 (T. & S. and 1858).

**9. SAME. Defect in warrant is not cured by oral statement of the cause of action before the justice.**

The defect in a justice's warrant, on account of its failure to state briefly the cause of action or the nature of the demand sued on, as required by statute (Shannon's Code, sec. 5958), was not cured by an oral statement of the cause of action made upon the trial before the justice. The proceedings before the justice cannot in any way affect the trial in the circuit court. (*Post, pp.* 62, 76.)

Code cited and construed: Sec. 5958 (S.); sec. 4921 (M. & V.); sec. 4146 (T. & S. and 1858).

**10. SAME. Defect in warrant is not cured by oral statement of the cause of action in the circuit court.**

The defect in a justice's warrant, because of its failure to state briefly the cause of action or the nature of the demand sued on, as required by statute (Shannon's Code, sec. 5958), was not cured by an oral statement of the cause of action made upon the trial in the circuit court upon an appeal from the justice of the peace. (*Post, pp.* 62, 76-78.)

Code cited and construed: Sec. 5958 (S.); sec. 4921 (M. & V.); sec. 4146 (T. & S. and 1858).

Case cited and distinguished: Utley v. Railroad, 106 Tenn., 246.

Railroad v. Flood.

11. **SAME.** Defect in justice's warrant is not waived by going to trial without motion to quash in circuit court.

   The defect in a justice's warrant, because of its failure to contain a general statement of the cause of action or the nature of the demand sued on, as required by statute (Shannon's Code, sec. 5958), was not waived by going to trial in the circuit court upon appeal from the justice of the peace, without moving to quash the warrant. (*Post, pp.* 76, 77.)

   Code cited and construed: Sec. 5958 (S.); sec. 4921 (M. & V.); sec. 4146 (T. & S. and 1858).

12. **ARREST OF JUDGMENT.** In circuit court for failure of justice's warrant to state briefly a cause of action.

   Where a justice's warrant does not state a cause of action sufficient to give the defendant reasonable notice of what he is called upon to answer, it is void, and, after the trial, on appeal to the circuit court, and after the verdict for the plaintiff, in the absence of an amendment made at the proper time, or an application to amend, the defendant's motion made in arrest of judgment should be sustained, and the suit dismissed. (*Post, pp.* 63, 66, 70, 75, 78, 79.)

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court. H. W. LAUGHLIN, Judge.

T. R. WARING, JR., for Street Railway Company.

T. F. KELLY, for Flood.

---

Railroad v. Flood.

---

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This in an action begun before a justice of the peace of Shelby county by Carrie Flood against the Memphis Street Railway Company. There was a trial before the justice of the peace and judgment in favor of the plaintiff, from which the defendant appealed to the circuit court of the county. The trial in that court resulted in a verdict for $250 in favor of the plaintiff. The defendant moved for a new trial, and its motion was overruled. Thereupon it made a motion in arrest of judgment upon the ground that the warrant failed to state a cause of action, and was void upon its face. This motion was sustained and judgment entered dismissing the case, from which the plaintiff prosecuted an appeal in the nature of a writ of error to the court of civil appeals. That court reversed the judgment of the circuit court, and entered the judgment in favor of the plaintiff for $250 and costs of suit. The case is now before this court to review and reverse the judgment of the latter court. The sole question presented is whether or not the trial judge was correct in sustaining the motion to arrest judgment.

The warrant of the plaintiff is in these words:

"*State of Tennessee, Shelby County.*

"To any lawful officer to execute and return. You are hereby commanded to summon The Memphis Street Railway Company, if to be found in your county, to appear before me or some other justice of the peace in

and for said county, to answer Miss Carrie Flood in a plea of damages under $500.00.

"Given under my hand and seal this 17th day of September, 1906.

"A. J. WILLIFORD, J. P."

It appears in the bill of exceptions. that when the case was tried before the justice of the peace, under a rule of practice of his court, counsel for the plaintiff and the defendant, respectively, made oral statements of the facts constituting the plaintiff's claim for damages, being a personal injury claimed to have been sustained by her while a passenger upon one of the defendant's cars when the same collided with another car, and the defenses relied upon.

And it further likewise appears that when the case was called for trial in the circuit court, under a rule of that court, similar statements of the cause of action and defenses were made by counsel in all things, as was done upon the trial before the justice of the peace.

The contention of the plaintiff in error is that the warrant fails to state any cause of action upon its face, and is void, and that no valid judgment can be rendered upon it.

That of the defendant in error is that the warrant contains a sufficient statement of her cause of action; but, if it does not, then the defect complained of was cured by the oral statements made in the two courts, and that by these the plaintiff in error was given full notice of the claim sued upon.

The first case decided by this court involving this question, called to our attention, is that of *Parris* v. *Brown,* 5 Yerg., 267. The warrant in that case issued to "summon James Brown to answer the complaint of Soloman C. Parris on a plea of trespass to his damage in a sum under twenty dollars." It did not state the nature of the trespass nor the property trespassed upon. The case was appealed to the circuit court, and there, after verdict in favor of the plaintiff, the defendant moved in arrest of judgment because the nature of the trespass and the property trespassed upon were not set out in the warrant, so that the defendant could know what he was charged with. The motion was sustained and the plaintiff appealed to this court. CATRON, C. J., delivering the opinion of the court, said:

"This being the creation of a new jurisdiction, and to be proceeded in summarily, everything necessary to give the defendant a proper knowledge of the charge against him must be stated, so that he may prepare himself for his defense. The cause of action is not properly set forth in this warrant. We think the circuit court decided correctly in arresting the judgment in this case, and are of the opinion that the judgment should be affirmed."

Afterwards, upon petition to rehear, the chief justice further said:

"This tribunal was authorized to imprison the person by force of its process; and yet it is insisted the face of the process need give the defendant whilst in the com-

mon jail not the slightest notice why he is there, save
that it is at the instance of the plaintiff.  And this we
are told was supposed necessary by the legislature, be-
cause of the illiterate and ignorant condition of the
magistrates of the country.  The very extensive jurisdic-
tion conferred is a great contradiction of the assumed
grounds of incapacity to state a plain fact.   For in-
stance, it is said this action in fact was brought for tak-
ing and carrying away the plaintiff's colt.  Why was
not the defendant told so? Suppose bail had been re-
quired; the warrant at first was for fifty dollars dam-
ages, and the circuit court caused it to be altered to
twenty; the constable had put the defendant into the
jail; he had called on his neighbors to bail him. Is it
probable, if poor, he could have obtained it? The plain-
tiff, under this warrant, could have charged him with
any cause of action not barred by time. The cause might
for want of obtaining the evidence have been continued a
month or more. Suppose he had applied for a writ of
*habeas corpus* to a circuit court judge, who had called
on the constable for the causes of caption and detention,
detention in a common jail! and as the authority, this
warrant had been produced as containing the cause of
complaint; and authority to imprison, would any judge
have supposed it sufficient? The truth must be that the
act of 1829 was passed on the supposition of high intelli-
gence on the part of the magistrates of the country,
which, in many instances, in almost every country is
true; and, as evidence of the fact, this most unguarded

Railroad v. Flood.

law has been executed with a degree of moderation and even-handed justice, so as to produce rarely a complaint of its rigor. Is it possible to believe that any man in the commission of the peace is so very ignorant as not to be capable of stating on the face of the warrant, not in set form, but in substance, plainly and briefly, that the defendant is summoned to answer the plaintiff of a plea of trespass for taking and carrying away his colt, or for killing his cow or his ox, or for throwing down his fence, or breaking open his house?

"It cannot be that this is requiring too much, when heretofore the courts had jurisdiction, and it was necessary to set forth in set form in a declaration the whole fact for which the warrant is a substitute; and, if the fact was not well alleged, the judgment was arrested, because no cause of action appeared on record. In such case the jury formerly found the defendant guilty in manner and form as the plaintiff had alleged against him; so in this cause, the jury found the defendant guilty of the trespass complained of, and assessed his damage to fifteen dollars. In giving judgment the court must refer to the cause of complaint. Here was none set forth, and no judgment could be given. It is anxiously urged the decision will do great harm, that many causes are depending on general warrants like the present, and that many judgments have been given on such warrants. The defective warrants will be amended if required, and the judgments are all valid, though erroneous."

122 Tenn—5

In *Davis* v. *Parks,* 6 Yerg., 260, where the warrant summoned "Parks and Campbell to appear and answer Elisha Davis in a plea of trespass on the case under fifty dollars," the judgment was arrested upon the ground that no cause of action was stated. It is there said:

"This case shows the necessity of requiring a substantial but brief description of the cause of action in cases brought before two justices."

In *Kirby* v. *Lee,* 8 Yerg., 438, the warrant in question was held to state a cause of action. The court there said:

"In proceedings before justices against millers, the statute gives an action of debt for the penalty, in which no further description of the offense is necessary in the warrant than to notify the defendant in a plain and sensible manner why he is sued, so that he may bring proof to defend himself. In these causes there is no pleading; the warrant is a mere notice to appear before the justice, and there go to trial *viva voce,* when the plaintiff must prove his cause of action, giving the justice jurisdiction and authorizing a recovery; but, if the warrant gives no notice of the cause of action, it will be quashed unless amended, because the plaintiff might have given in evidence, not that his grist was ground out of turn, but on account of goods sold, work and labor or any other matter; or before the justice one cause of action might be given in evidence, and if insufficient, and judgment went for the defendant, the

plaintiff might appeal and in court set up a different demand, and recover the debt and all cost. Did the warrant, therefore, give notice to the defendant Lee of the cause of complaint, so that he might come prepared to make his defense? and, second, did it preclude the plaintiff from harassing the defendant with any cause of action he might elect to rely upon at the trial?"

While the warrant was held to state a cause of action in that case, the principle settled in that of *Parris* v. *Brown,* supra, was approved and followed:

In *Pryor* v. *Hays,* 9 Yerg., 417, the warrant commanded Pryor to "appear before some two justices of the peace for said county and answer the complaint of Mary Ann Hays in a plea of damages under fifty dollars, occasioned by beating and wounding her." It was held good upon the ground that the defendant was given notice of the cause and nature of the plaintiff's claim against him, and the case of *Parris* v. *Brown* was again approved.

In the case of *Wood* v. *Hancock,* 4 Humph., 465, the question was whether the proof offered was relevant to the cause of action stated in the warrant. This court said:

"In proceedings before justices of the peace, the strictness in pleading, which is required in courts of record, has never been enforced. All that we can expect or demand from these domestic tribunals is such reasonable precision and certainty in their proceedings as may be necessary for the attainment of justice.

"It has often been held by this court that it is not necessary that the warrant should set out the cause of action with that particularity and precision which are required in the declaration in a court of record. Some general statement indicating the grounds of the action, so that the defendant may not be misled in preparing his defense, is all that is necessary. The warrant does not stand in lieu of a declaration. It is simply a summons to the defendants to appear and answer. The pleadings are *ore tenus*. And that which in a court of record may be done by proper pleading and proof may, as a general rule, be done before a justice of the peace by the production of the proof alone."

The case of *Manning* v. *Wells*, 9 Humph., 746, 51 Am. Dec., 688, also involved a question of variance. It is there said:

"In this warrant the defendant is required to answer on promises. But on the evidence the plaintiff seeks to make him liable for a tort. Although we do not hold justices of the peace to that technical strictness which is required in proceedings in courts of record, yet we have always held that they must give some general statement of the cause of action. Here the cause of action stated is repugnant to that proved. The evidence was therefore inapplicable to the action."

These cases were all decided before the Code was enacted in 1858, and at a time when there was no statute prescribing the form of a warrant in proceedings before justices of the peace. While it was held that the

object and purpose of the warrant was to bring the defendant before the court to answer to suit of the plaintiff, and that the pleadings in the justice's court were *ore tenus,* yet in every case involving the question it was distinctly and consistently adjudged that the warrant must state the nature and cause of the plaintiff's complaint, so as to give the defendant notice of the general nature of the suit against him, that he might prepare his defense to the same. This is in accordance with sound principle. Indeed, when the question is considered for a moment, every one must be convinced that a summons which does not give the defendant notice of the demand which he is called upon to defend against, and the nature of which he cannot know until the plaintiff has introduced his proof, is practically no notice, and would often work great injustice.

The case of *Bodenhamer* v. *Bodenhamer,* 6 Humph., 264, is said to be in conflict with those above cited. The question there was not as to the sufficiency of the statement of the cause of action in the warrant, but that "the form of action was incorrectly stated." The court held, in substance, that, if the warrant gave notice of the nature of the claim sued upon, ·the form of the action, whether debt, assumpsit, or trespass, stated was immaterial. In other words, that forms of action as then recognized by common-law pleading did not obtain in proceedings before justices of the peace. This was all that was held in that case, and it is not to any extent in conflict with that of *Parris* v. *Brown,* and

others following it. The case of *Large* v. *Dennis*, 5 Sneed, 596, is limited to the same point.

When the Code was enacted in the chapter relating to proceedings before justices of the peace in civil cases, a form for a civil warrant to be issued by a justice of the peace was prescribed. It is in these words:

"*State of Tennessee,* —— *County.*

"To any lawful officer to execute and return:

"Summon A. B. to appear before me, or some other justice of the peace for said county, to answer C. D. in a civil action by note (or upon an account, or otherwise, as the case may be), under —— dollars. This —— day of ——, 18—.             E. F., Justice."

This form, it is evident from reading it, requires some general statement of the nature and character of the demand sued upon, and, instead of changing the practice outlined by judicial decision and in force previous to the Code, it enacted it into statutory law.

The first case which we have been able to find construing this section of the Code, is that of. *Odell* v. *Koppee,* 5 Heisk., 90, and it is there held in accordance with previous decisions that the warrant must contain some statement of the cause of action sufficient to give the defendant notice of the character of the demand he is called upon to answer. The warrant in that case commanded the officer to summon the defendant to answer the plaintiff, "in an action of damages for a sum under $250," practically the same as in the case at bar, and it was held that a motion in arrest of judgment would have been sustained if seasonably made. The court said:

"Every intendment is to be made in favor of the validity and sufficiency of proceedings before a justice of the peace. Code of 1858, sec. 4176. But, while we cheerfully conform to this mandate of the legislature in favor of these domestic tribunals, still we must go no further than the law authorizes; nor should we violate the positive requirements of the Code in order to sustain them.

"The form of a warrant by a justice of the peace, as given by the Code of 1858, section 4146, is that it shall be in substance as follows: 'Summon A. B., etc., to answer C. D., in a civil action, by note, or upon open account, or otherwise, as the case may be, under —— dollars.'

"Here it is plainly prescribed that the warrant is, in substance, to state briefly the cause of action. It has been held by this court, and we think correctly, that there must be some sufficient statement in the warrant to indicate the charge he is to answer. In the language of the court, in the case of *Wood* v. *Hancock,* 4 Humph., 467: 'Some general statement indicating the grounds of the action, so that the defendant may not be misled in preparing his defense.' See, also, 9 Humph., 749.

"In this warrant there is no statement at all of any 'cause of action,' but only a claim for damages, but for what cause is not stated. There is no compliance with even the most liberal construction of the law in favor of these proceedings."

The case of *Watkins* v. *Kittrell,* 3 Baxt., 42, involved

a question of variance between the warrant and the proof, and it is there said:

"If the plaintiff might thus go into proof of this last transaction, he might as well have introduced proof of a dozen different causes of action, and thus without any notice to the defendant take his chances to recover upon any or all of them, at least to the extent of the magistrate's jurisdiction. This, we think, would be in substance to recover, without any warrant at all, as to those causes not in any way referred to in the warrant, and we think it cannot be done."

The necessity of a statement of the cause of action in the warrant, and that the proof offered by the plaintiff conform to that statement and be relevant to the issue there presented, is recognized in numerous decisions of this court. *Sale* v. *Eichberg*, 105 Tenn., 333, 59 S. W., 1020, 52 L. R. A., 894; *Harrison* v. *McMillan*, 109 Tenn., 78, 69 S. W., 973.

The last case involving the sufficiency of a warrant, and holding that where no cause of action is stated a motion in arrest of judgment will lie, is the unreported case of *Archer* v. *Railroad Co.*, in which the opinion was delivered by Mr. Justice Neil, at Jackson in 1904. The warrant required the defendant to appear and answer "in an action to his damage in the sum of fifty dollars." This was held bad, and there decided, if properly made, a motion in arrest of judgment would have been sustained. The court said:

Railroad v. Flood.

"It is insisted that the failure to state a cause of action in the warrant was cured by the verdict.

"We do not think that this position is well taken. Shannon's Code, section 5958, gives the form of warrant before a justice of the peace, and this form requires the cause of action to be stated in the warrant. See the notes to that section in Shannon's Code. Also *Odell* v. *Koppee,* 5 Heisk., 88. The verdict will cure defects in the declaration where the cause of action is imperfectly stated, or where the plea supplies the matter omitted from the declaration (*Memphis Gayoso Gas Co.* v. *Williams,* 9 Heisk., 324; *Read* v. *Memphis Gayoso Gas Co.,* 9 Heisk., 550), but not where no cause of action is stated at all (*Cannon* v. *Phillips,* 2 Sneed, 185, 191)."

It is urged that the warrant in this case is in the form of the summons prescribed by the Code, section 2815 (Shannon's Code, section 4520), which is applicable to proceedings before justices of the peace (Code, section 2817; Shannon's Code, section 4522), and that this form does not require the cause of action to be stated in the summons, but leaves it discretionary with the plaintiff or the officer issuing the warrant. This section is found under the general provisions of the Code in relation to the commencement of actions, and is peculiarly applicable to actions begun in courts of record. So far as it applies to warrants issued by justices of the peace and authorizes the omission of a statement of the cause of action, it is in conflict with the form above quoted, prescribed by section 4146 of the

Code of 1858 (Shannon's Code, section 5958), and we think the latter is controlling so far as such conflict exists, because it is to be found in the chapter especially relating to proceedings before justices of the peace, and is specific legislation prescribing and fixing the form of a warrant to be issued in civil cases.

The defendant in error also relies upon Code of 1858, section 4119 (Shannon's Code, section 5931), to the effect, that a case may be tried before a justice of the peace by the consent of the parties without a warrant. This can have no application in this case because there was no such consent.

Much stress in the brief of counsel for the defendant in error and in the opinion of the court of civil appeals is placed upon statements contained in some of the earlier cases herein quoted from, that the warrant is solely for the purpose of bringing the defendant into court, and that the pleadings before justices of the peace are *viva voce*. There is nothing in this. These cases were decided before the provisions of the Code prescribing the form of the warrant requiring the cause of action to be therein briefly stated, but in all of them it is distinctly held that the warrant must contain a sufficient statement of the nature of the action. It is therefore evident that, when it is said that the pleadings before the justice of the peace are oral, those subsequent to the warrant are referred to, and such has been the actual practice.

The form of the warrant prescribed by the Code, and

Railroad v. Flood.

the construction placed upon that provision by the subsequent cases construing it, show that it was intended not only as the original process to bring the defendant before the court, but also to, at least to some extent, take the place of a declaration.

We cannot agree with the argument of counsel that the requirement that the cause of action be briefly stated in the. warrant is a mere technicality of which courts are now freeing their proceedings in order to reach the justice of controversies.   That defendants may have notice of complaints made against them so that they may be able to prepare their defenses is of highest importance to them, and absolutely necessary to prevent surprise and injustice.   The provisions of the law requiring such notice are anything but technical or formal in their character.   It was held by this court long before the enactment of the Code, as appears from the cases from which we have quoted, that a warrant that did not state the cause of action sufficiently to give the defendant notice of the demand against him was void, and judgment upon the verdict in the circuit court would be arrested in such cases. Such has been the consistent holding of this court. When this rule was first announced, the jurisdiction of the justices of the peace in this State was of very small and insignificant matters.   This jurisdiction has been increased and extended greatly since that date, and now includes cases of very great importance.   Justices' courts are now of greater dignity and importance,

and the public interest and rights of litigants require that their proceedings be conducted in better form and with more regularity and order, and the tendency of legislation and judicial decision is to bring this about rather than the contrary, as insisted by counsel for defendant in error.

The defect in the warrant is not cured by the provisions of Code, sections 2863-2879 (Shannon's Code, secs. 4583—4600). These provisions in the main relate to the amendment of summonses or other proceedings in civil cases. The legislative intent expressed in them is that no process, pleading, or other proceeding in the action shall be quashed for a formal defect, and in certain cases for those relating to matters of substance, where application to amend is seasonably made. There was no intention to make defective proceedings valid and effective for all purposes. This would amount to the abolition of all laws prescribing forms and rules of proceedings in courts for the purpose of securing orderly and correct administration of justice.

The contention of the defendant in error that the defect in the warrant was cured by the oral statement of the cause of action made upon the trial before the justice of the peace and in the circuit court is also untenable. The proceedings before the justice of the peace could not in any way affect the trial in the circuit court, and need not be further noticed.

The statement of counsel on the trial in the circuit court, however full and explicit of the cause of action,

cannot be considered as amending the warrant. Amendments to legal proceedings cannot be made by oral statements. Nor did the defendant waive the defect by going to trial without making a motion to quash the warrant. It is well settled that in an original action brought in the circuit court, if the declaration fail to state a cause of action, the defendant after verdict may move in arrest of judgment, although he may have filed any number of pleas, provided the defect is not supplied by new matter pleaded by him. If the rule was otherwise, judgment could not be arrested in any case. ﹒This is evident from the mere statement of the proposition.

The defendant in error relies upon the case of *Utley* v. *Railroad Co.,* 106 Tenn., 246, 61 S. W., 84, to sustain her insistence that the oral statement of the cause of action cured the defects in the warrant. It does not do so. The question involved in that case was not one of pleading, but of evidence. The counsel for the plaintiff, at the instance of the trial judge, stated the grounds of the suit against the defendant, and the attorney for the latter stated the defense that would be relied upon in such manner as to admit the case made by the plaintiff. In other words, the defense was stated in the form of a plea of confession and avoidance. Acting upon the admission, the plaintiff did not fully prove his case, and, upon the conclusion of his evidence, the defendant demurred thereto. This court held that the defendant was bound by the admission, and that the demurrer should not have been sustained. Thus it

Railroad v. Flood.

will be seen that *Utley* v. *Railroad Co.* presented a question entirely different from that here involved. We are therefore of the opinion that under the long-settled practice of this State, established and consistently adhered to by judicial decision and in the provisions of the Code regulating the practice before justices of the peace, that a justice's warrant must contain a brief statement of the cause of action sufficient to give the defendant reasonable notice of what he is called upon to answer, and that, where the warrant fails to contain such statement, it is void, and upon the trial, on appeal to the circuit court of the State, in absence of an amendment made at the proper time, a motion made in arrest of judgment should be sustained and the suit dismissed.

The warrant of the defendant in error does not comply with this rule. It merely notifies the defendant therein to appear and answer the plaintiff "in a plea of damages under $500." This does not give the defendant any information of the nature of the suit brought against it. It could as well be damages for breach of contract, a personal injury, or a trespass committed upon the personal or real property of the plaintiff. Under it evidence could be offered before the justice of the peace to support one cause of action, and in the circuit court on appeal to support another, and in neither court could the trial judge determine whether the proof offered was relevant to the real cause of action. It fails to state a cause of action and the judgment

Railroad v. Flood.

upon the verdict of the jury was properly arrested for that reason.

The plaintiff could have amended her warrant, but made no application to do so. The defendant was not called upon to point out the defect by motion to quash or otherwise. The parties were dealing at arms' length. There was no surprise, and no one was misled. The defendant had as much right to make the motion in arrest of judgment as it would have had in an original action begun in the circuit court in a case where it had pleaded to a defective declaration after verdict against it. There was no error in the judgment of the circuit court, and that of the court of civil appeals reversing it is erroneous, and must be reversed.