NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY COMPANY *v.* W. T. DAVIS, *Next Friend of* LONNIE DAVIS.

## (*Nashville.*  December Term, 1912.)

1. **JUSTICE'S WARRANT.** "Upon damages for personal injuries under $500" is insufficient and void.

   While mere imperfections of statement in a justice's warrant will not invalidate the proceeding, yet a warrant which merely notified the defendant railroad company that the suit was "upon damages for personal injuries, under $500," without stating the time when, the place where, or the agency by which the personal injury was committed, is insufficient to give the defendant reasonable notice of what it was called upon to answer, and is void.

   Case cited and approved:  Railroad v. Flood, 122 Tenn., 56.

2. **SAME.** Not giving defendant reasonable notice of what he is called upon to answer is void in law.

   The underlying reason of the law requiring a justice's warrant as the leading process in a suit to "contain a brief statement of the cause of action sufficient to give the defendant reasonable notice of what he is called upon to answer" is that the defendant may come to trial prepared for his defense, and a warrant which does not, on its face, give such notice is void in law. (*Post, p.* 171.)

3. **SAME.** Voidness is not cured by appearance, trial, and verdict.

   Where a justice's warrant is void for insufficiency, the entire proceedings thereunder are void, and the voidness of the warrant is not cured by verdict, though the defendant appeared and contested the suit, and verdict was rendered against him. (*Post, p. 171.*)

Railroad v. Davis.

4. **SAME. When void renders void everything done under it, and the judgment.**

If the justice's warrant is void, then everything done under it is likewise void; for the warrant is the foundation of the suit and the judgment, and, if there is no valid warrant, there can be no valid suit or judgment. (*Post, p.* 171.)

Cases cited and approved: Parris v. Brown, 5 Yerg., 267; Wood v. Hancock, 4 Humph., 467; Manning v. Wells, 9 Humph., 746; Odell v. Koppee, 5 Heisk., 90; Watkins v. Kittrell, 3 Bax., 42; Railroad v. Flood, 122 Tenn.. 56, and citations.

5. **SAME. Validity may be tested by motion in arrest of judgment in circuit court.**

The defendant may, by motion in arrest of judgment after verdict for plaintiff in the circuit court, properly raise the question of the validity of the justice's warrant. (*Post, p.* 171.)

Case cited and approved: Railroad v. Flood, 122 Tenn., 56.

6. **SAME. Defective statement of cause of action giving the required notice is cured by verdict for plaintiff.**

Mere defects, imperfections, and incorrectness of statement of the cause of action, in a justice's warrant, where notwithstanding such as they may be, the warrant gives the notice required by law, are cured by verdict for plaintiff. (*Post, pp.* 171, 172.)

---

## FROM MAURY.

---

Appeal from the Circuit Court of Maury County to the Court of Civil Appeals, and by writ of *certiorari* from the Court of Civil Appeals to the Supreme Court. —W. BRUCE TURNER, Circuit Judge.

CLAUDE WALLER and HATCHER & HATCHER, for railroad.

R. S. HOPKINS, for Davis.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

One of the assignments of error upon the petition for *certiorari* raises the question that the railway company in the trial court moved in arrest of judgment upon the ground that the warrant issue by the justice of the peace before whom this suit was instituted stated upon its face no cause of action.   The warrant is in these words:

"State of Tennessee, Maury County.

"To any Lawful Officer to Execute and Return:

"Summons Nashville, Chattanooga & St. Louis Railway Company, a corporation doing business in the State of Tennessee, to appear before me or some other justice of the peace of said county, to answer W. T. Davis, next friend of Lonnie Davis, a minor child, in a civil suit upon damages for personal injuries.

"Under $500.   This 10th day of January, 1912.

"R. H. Guest, Justice of the Peace."

We think the motion was well taken, and should have been sustained.   *Railroad* v. *Flood,* 122 Tenn., 56, 113 S. W., 384, and authorities there cited.

The only material difference between the warrant in judgment in the *Flood Case,* supra, and the warrant here, is that the warrant in this case contains the words "for personal injuries;" but, notwithstanding the use of those words, it is apparent that the warrant here might be applied to an almost infinite variety of personal injuries.   To illustrate:

Railroad v. Davis.

It would apply to such an injury while the person injured was riding as a passenger on defendant's train while the train was in motion, or such injury sustained while the train was stationary, or such an injury while the person injured was not upon the train as a passenger, but was on, or so near to, the track of the defendant company as to be injured by a passing train, or such an injury inflicted when the person injured was not either upon the track or upon the train of the defendant company. Likewise, it would apply to an injury caused by the negligence of the servant or servants of the defendant company, or caused by an assault and battery by one of such servants or employees. It would apply to a personal injury committed in the county in which the suit was brought, and equally well to such an injury committed in any other county in the State, or in any other State, through which the defendant might run and operate a line of railroad and employ servants to transact its business.

And, as to the time, it would apply to any time before the issuance of the warrant, whether one hour, one day, one week, one year, or more.

Upon the face of this warrant there is no notice to defendant of the time when, the place where, or the agency, by which the personal injury was committed. All that appears on its face is that defendant is summoned to appear before the justice of the peace to answer the suit or damages of the minor named, and that the damages claimed flow from personal injuries. This

much is no notice which will enable defendant to come with its witnesses prepared for trial.

The underlying reason of the law requiring the warrant as the leading process in a suit to "contain a brief statement of the cause of action sufficient to give the defendant reasonable notice of what he is called upon to answer" is that defendant may come to trial prepared for his defense; and this is a sound and just reason. And a warrant which does not, on its face, give such notice, is void in law, and is not cured by verdict, although under it the defendant may appear and contest the suit and be cast therein; and a motion in arrest of a judgment founded upon such a warrant is the proper step by which, after being so cast, the defendant may test the validity of the warrant.

If, upon such test, it be found void, then everything done under it is likewise void; for the warrant is the foundation of the suit and the judgment, and, if there be no valid warrant, there can be no valid suit or judgment. *Parris* v. *Brown,* 5 Yerg., 267; *Railroad* v. *Flood,* supra; *Manning* v. *Wells,* 9 Humph., 746, 51 Am. Dec., 688; *Odell* v. *Koppee,* 5 Heisk., 90; *Wood* v. *Hancock,* 4 Humph., 467; *Watkins* v. *Kittrell,* 3 Baxt., 42; and other authorities cited in *Railroad* v. *Flood,* supra.

A warrant is either void or valid. There is no middle ground; there can be none. Mere imperfections of statement, or incorrect statement of the cause of action, do not invalidate. It may be far from the highest state of the art of pleading, and yet be sufficient to give the de-

Railroad v. Davis.

fendant that "reasonable notice of what he is called upon to answer" which both law and justice demand.

Mere defects, imperfections, and incorrectness of statement, where, notwithstanding such as they may be, the warrant gives the notice required by law, are cured by verdict; but verdict does not cure where no cause of action is stated. In such case there is in law no warrant; and the so-called verdict based upon the supposed warrant is in law no verdict. The whole proceeding is void; and the law so treats it from warrant to verdict and judgment. *Railroad* v. *Flood,* supra, and authorities cited.

The judgment of the court of civil appeals is reversed and suit dismissed.