NICHOLS *v.* LEBANON & HARTSVILLE TURNPIKE CO.

(*Nashville.*   December Term, 1913.)

**JUSTICES OF THE PEACE.   Process.   Sufficiency.**

A warrant issued by a justice of the peace in the form prescribed
by Shannon's Code, sec. 5958, calling upon defendant to answer
"in a civil action on an account under five hundred dollars,"
was sufficient as against an objection that it failed to state a
cause of action.   (*Post, p.* 542.)

Code cited and construed:   Sec. 5958 (S.).

Cases cited and approved:   Railroad v. Flood, 122 Tenn., 56, 70;
Railroad v. Davis, 127 Tenn., 167.

---

FROM WILSON

---

Appeal from the Circuit Court of Wilson County
to the Court of Civil Appeals, and by *certiorari* from
the Court of Civil Appeals to the Supreme Court.—
JNO. E. RICHARDSON, Judge.

LILLARD THOMPSON, for plaintiff in error.

JULIUS WILLIAMS and W. S. FAULKNER, and JOE
HOLMES, for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

This action originated before a justice of the peace,
and by appeal was tried in the circuit court before a
jury; the judgment based upon its verdict being
against Nichols, who appealed to the court of civil ap-
peals. There cast, he has petitioned for a writ of *cer-
tiorari* to bring the cause into this court for review.

An error assigned in the court of civil appeals and in the petition referred to is: That the circuit court erred in overruling Nichols' motion in arrest of judgment, the ground of which motion was that the warrant on which the case was tried in the circuit court did not state a cause of action.

The warrant is as follows:

"Summons J. C. Nichols, Bob Nichols, and Ross Nichols to appear before me or any other justice of the county to answer Lebanon and Hartsville Turnpike Company for the use of H. P. Kinney in a civil action on account under five hundred dollars. This 4th day of December, 1912.

"H. E. Doss, J. P."

It will be noted that the warrant is in strict accord with the form prescribed by Code (Shannon) section 5958, which is as follows:

"Summons A. B. to appear before me, or some other justice of the peace for said county, to answer C. D. in a civil action by note [or upon an account, or otherwise, as the case may be], under —— dollars. This —— day of ——, 19—. E. F., Justice."

The petitioner, Nichols, cites and relies on the cases of *Railroad* v. *Flood*, 122 Tenn., 56, 70, 113 S. W., 384, and *Railroad* v. *Davis*, 127 Tenn., 167, 154 S. W., 530. The actions begun by warrants of justices of the peace in the two cases cited were for damages arising out of torts, and it was held that they failed to carry, to the defendants sued, notice of their claimed wrongful acts, which would enable them to prepare for trial. The

reasoning underlying those cases is not applicable in actions before a justice of the peace which are based on contracts or transactions giving rise to indebtedness, as by note or account, in respect of which the defendant may fairly be assumed to have had knowledge, and therefore not to be left without notice of that for which he is called to answer.

The Code form is by the legislature made sufficient in so far as it particularizes, and, as seen, the Code section quoted provides specifically that a summons to answer in a civil action before a justice of the peace based "upon an account" shall suffice as a commencement of the suit.

No such particularity in specification is employed in the Code form in respect of actions for damages for tortious acts, and such were involved in the two cases relied on for reversal.

In the *Flood Case,* Mr. Justice Shields, in delivering the opinion of the court, cited with approval *Watkins* v. *Kittrell,* 3 Baxt., 38, 42, in which the summons or warrant recited as the ground of the action, "a debt due by a constable's receipt;" and Judge McFarland, in reference to it, said, "This clearly gave notice to the defendant what the cause of action was, what transaction was to be contested." It therefore appears that the court in the *Flood Case* must have had in mind the distinction which we here take. It at least reaffirmed *Watkins* v. *Kittrell,* which certainly concludes petitioner in his claim of error.

The court of civil appeals so ruled. Writ denied.