E. S. JACKSON v. H. M. LUSK.

Eastern Section.   February 11, 1928.

W. A. Schoolfield, of Chattanooga, for plaintiff in error.
R. E. L. Cook, of Chattanooga, for defendant in error.

HEISKELL, J. This suit was begun before a Justice of the Peace. There was a judgment for the plaintiff Lusk in the sum of $100. The defendant Jackson appealed to the circuit court where the same judgment was rendered, a motion for new trial made and overruled and thereupon the defendant made a motion in arrest of judgment on the ground that the warrant in the magistrate's court did not state a cause of action. This motion was overruled and defendant has appealed and assigned error. The sole question raised is upon the motion in arrest of judgment. That is, does the warrant state a cause of action. The language of the warrant is as follows:

"Summon E. S. Jackson, 1112 Hamilton avenue, North Chattanooga, to appear before H. F. Lawrence, Justice of the Peace, at his office 619 Cherry street, Chattanooga, Tenn., or some other Justice of the Peace of said county to answer the complaint of H. M. Lusk in civil action for damage in the sum of $100, and for cause says that defendant negligently drove his automobile into and upon plaintiff and whereby plaintiff suffered damage in the sum aforesaid on or about the 11th day of June, 1927, in Hamilton county, Tenn., and negligently and carelessly violated Sec. 1147, City Code, Ord. 1330, Act 2, Sec. 9—Sec. 1150—Ord. 1330, Act. 2, Sec. 10, Sec. 1153, Ord. 1330, Act as amend. Ord. 1674, Sec. 15 (the same being under a magistrate's jurisdiction.)"

Plaintiff in error relies upon a single case, Railroad v. Flood, 122 Tenn., 56. There can be no controversy as to the correctness of the rule announced in that case by which to test the sufficiency of a warrant such as in question in the present case. The court says:

"Where justice's warrant does not state a cause sufficient to give the defendant reasonable notice of what he is called upon to answer, it is void, and, after the trial, on appeal to the circuit court, and after the verdict for the plaintiff, in the absence of an amendment made at the proper time, or an application to amend, the defendant's motion made in arrest of judgment should be sustained, and the suit dismissed."

The sole question then is, does the warrant state a cause of action sufficient to give the defendant reasonable notice of what he is called upon to answer? According to the rule of liberal construction given to warrants in justice's courts we think this warrant gives notice of a claim for personal injuries. It says the defendant negligently drove his auto into and upon the plaintiff whereby

670

plaintiff suffered damage in the sum of $100. Counsel for defendant, both in his motion in arrest of judgment in the lower court and in his assignment of error in this court, gives the language of the warrant that "defendant drove his auto into and upon plaintiff's car." If the warrant read this way, it would state a cause of action as to damage to the car of plaintiff, but in the transcript the warrant reads "into and upon plaintiff." One reading would support a judgment for personal injuries, the other for damage to the car. If the proof was of a different damage from that indicated by the warrant, this would not be ground for arrest of judgment.

Assignment of error overruled and judgment of lower court affirmed. Appellant will pay the costs of appeal.

Owen and Senter, JJ., concur.