Mrs. C. P. Shay

*v.*

Mrs. Martha E. Harper.

(*Jackson,* April Term, 1957.)

Opinion filed May 3, 1957.

Rehearing Denied June 7, 1957.

GAYLE MALONE, Trenton, for plaintiff in error.

ADAMS & ADAMS, Humboldt, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Heretofore application was duly made for *certiorari* in this case. This application was granted, arguments have been heard, briefs filed and we now have the matter for determination.

The suit originated before a justice of the peace where judgment was rendered for the plaintiff. On appeal to the circuit court the matter was tried before a jury on issues of fact submitted to that body and a judgment was

likewise entered for the plaintiff for $334.16, the amount of damage to the plaintiff in error's automobile. After the judgment of the jury the defendant in error, respondent here, filed his motion in arrest of judgment. No motion for new trial was filed in the cause.

The trial court sustained this motion in arrest of judgment and on appeal to the Court of Appeals that body affirmed.

The warrant upon which ground of liability is based is a statutory (Sec. 19-402, T.C.A.) form of a civil warrant with the blanks, the names of the parties complainant filled in, the maximum amount sued for under the statute allowable in personal injury damages before a justice of the peace is sued for and the cause of action stated "Personal & Property damage". This is all the warrant contains setting forth the cause of action. The motion in arrest of judgment is obviously based on the ground that the warrant did not state the cause of action. The principle or basic cases relied upon to support the motion in arrest of judgment are *Memphis Street R. Co. v. Flood,* 122 Tenn. 56, 113 S.W. 384, and *Nashville, Chattanooga & St. Louis R. Co. v. Davis,* 127 Tenn. 167, 154 S.W. 530. The warrant in the Flood case was a suit for "damages" and in the Davis case was a suit for "damages for personal injuries" and in both of those cases this Court held that the warrants were void. In the Flood case this Court on page 78 of 122 Tenn., on page 389 of 113 S.W. says:

" * * * that a justice's warrant must contain a brief statement of the cause of action sufficient to give the defendant reasonable notice of what he is called upon to answer, and that, where the warrant fails to contain

such statement, it is void, and upon the trial, on appeal to the circuit court of the state, in absence of an amendment made at the proper time, a motion made in arrest of judgment should be sustained and the suit dismissed.''

In the Davis case the Court again reiterates its reason for the holding in these two cases when it says:

''The underlying reason of the law requiring the warrant as the leading process in a suit to 'contain a brief statement of the cause of action sufficient to give the defendant reasonable notice of what he is called upon to answer' is that defendant may come to trial prepared for his defense; and this is a sound and just reason. And a warrant which does not, on its face, give such notice, is void in law, and is not cured by verdict, although under it the defendant may appear and contest the suit and be cast therein; and a motion in arrest of a judgment founded upon such a warrant is the proper step by which, after being so cast the defendant may test the validity of the warrant.''

Obviously by what is said above in the Flood case the Court did not mean that the warrant was absolutely void but meant in fact that it was voidable subject to being corrected by amendment. This being so obvious some years later the Court in *Baker v. Griffeth,* 138 Tenn. 670, 200 S.W. 823, held:

''It was not meant to be ruled in [*Nashville, C. & St. L.*] *R. Co. v. Davis,* 127 Tenn. 167, 171, 154 S.W. 530, that a judgment rendered upon such a defective warrant would be void where there was no motion in arrest interposed as a test of its sufficiency; nor was it meant

to be held that such a warrant is so far void as not to be amendable. It is voidable upon the application of said test."

This last case, the Baker case, was based on Section 19-425, T.C.A., which in effect provides that no cause appealed from a justice of the peace court to the circuit court or to a higher court shall be dismissed for any informality and that all amendments "in the form of the action, the parties thereto, or the statement of the cause of action necessary to reach the merits," shall be allowed as deemed proper by the court trying the suit.

On the trial of this case before the circuit court counsel for the plaintiff said:

"I would like to state that Mr. Adams and I have agreed, to save time and proof, that we will dispense with the proof as to the value of the automobile before the accident and immediately after it; and we admit that the repair bill was in the amount of $336.14.

Is that correct, Mr. Adams:

"Mr. Adams: Yes, sir."

Then counsel for the plaintiff said:

"And, also, that Mrs. Harper was driving one car and Mrs. Shay the other. Our question to prove is who was negligent?

"The Court: One of liability? Which one was liable?
"Mr. Malone: Yes, sir."

Then follows the statement of counsel for the defendant which is:

"I would like to get the issues before the jury. Do you want to make a statement?"

Apparently this question was addressed to counsel for the plaintiff because he then said:

"Ladies and gentlemen, you have heard me state to the Court that Mr. Adams and I had agreed to eliminate the time of lengthy proof that is ordinarily required in property damage suits—we have agreed and admitted the repair bill to Mrs. Shay's car was $334.16. And we have further admitted, and to eliminate time, that Mrs. Shay, of course, was driving the car and that Mrs. Harper was driving a car, so the element of proof that you are required to say is who was negligent, who caused the accident."

Then after a further statement as to how the accident happened the Court makes a statement and the warrant is read and then counsel for the defendant makes a long statement to the jury which covers something over a typewritten page. Among other things said by counsel for defendant in this statement is:

"As you probably gathered from what Mr. Malone said, Mr. Malone is suing Mrs. Harper for money for damages to Mrs. Shay's station wagon, which occurred in October of 1954 at the stop light out here by Peabody High School. Mrs. Harper, however, denies that she owes any money to Mrs. Shay as a result of this accident."

■■ It seems clear to us that this stipulation of counsel amounted to an amendment to the warrant upon which this suit was based. The pleadings before the justice of the peace are *ore tenus* which of course means by

word of mouth. And when the appeal is to the circuit court they may likewise be by word of mouth. The better practice would be to reduce them to writing.

"And that which in a court of record may be done by proper pleading and proof may, as a general rule, be done before a justice of the peace by the production of the proof alone." *Wood v. Hancock,* 23 Tenn. 465.

Thus it seems, to our minds, that when counsel made a statement that they had stipulated to the things that they had stipulated to as heretofore quoted, which statement was not contradicted nor is it now contradicted, that this stipulation amounted to a word of mouth amendment to the warant so that a cause of action was thus stated. The parties plaintiff or defendant were well aware of what the suit was about, where it originated and what was being sued for. There was no surprise or advantage being taken of one or the other. Clearly justice could be done upon the introduction of all the facts pro and con, one side taking the position that there was liability and the other taking the position that there was no liability, and then a jury determining the matter on these facts. Apparently this was done as is evidenced by the bill of exceptions to which no motion for a new trial was filed.

We have in this State very liberal statutes of *jeofails* (Secs. 20-1501 to 20-1516, both inclusive) which show and indicate to us that amendments in this kind of a case, which is appealed from a justice of the peace court, should be rather informal and treated liberally.

. It has been held by this Court that a declaration which fails to state a cause of action and on which judgment

would be arrested may be cured by amendment even after judgment and after motion in arrest. *Tennessee Central R. Co. v. Brown,* 125 Tenn. 351, 143 S.W. 1129, 1131, wherein this Court speaking through the same Justice who wrote the Flood case, *supra,* said:

"If the defect here complained of had been pointed out and called to the attention of the plaintiff, and that of the court, by specific objection, the declaration could and doubtless would have been amended, and a miscarriage of justice avoided, because it had been proven on the trial, without objection, that the decedent was the son of the plaintiff and unmarried, and, in the absence of a widow or children, plaintiff would be entitled to the recovery. * * *

"The judgment had not been entered when the motion in arrest was made, and it was not too late for amendments. And, had it been entered, the court could have set it aside at any time before final adjournment; a proper case for such action being made to appear, for that purpose, justice requiring it. In some cases, although rare, amendments will be allowed in this court to prevent a failure of justice. *Martin v. Bank,* 2 Cold. [332] 335.

"No injustice would have been done the defendant by allowing the plaintiff to amend his declaration when the motion in arrest was made; for if the defendant desired to controvert the relation of the plaintiff to the decedent, or to show there was some one who had a prior right to the recovery, and this had been made to appear in a proper manner, the court would have set aside the verdict, granted a new trial,

and imposed such other terms as seemed meet and just under the facts.''

The reasoning of the Floor and Davis cases *supra,* of ''lack of notice'' is applicable clearly when a warrant is filed that does not state any cause of action as this warrant does when said cause of action precedes to trial and judgment without the defense having notice. That seems clear to us but when the defense appears at the trial and states all the facts showing the most minute notice, as is done herein, we think then clearly that the reasoning ''lack of notice'' in the Flood and Davis cases is inapplicable. Statements of the kind here made showing that they did have notice and knew what the cause of action was prior to the trial amount to an amendment to the warrant and a cause of action is stated and a motion in arrest of judgment should not stand. The probability is that if the Brown case, last above cited, had been called to the attention of the trial judge when the motion in arrest of judgment was argued that he then, having these statements before him as they were, would have at that time, even on his own motion, have treated these statements as an amendment to the warrant so that justice could be done. Insofar as the Flood and Davis cases are contrary to what is held herein they are expressly overruled.

It is not contended that counsel for the defendant (respondent here) was guilty of any sharp practice nor is it our intention to so hold. What we are holding is simply that when counsel appears in open court before the court and jury and states the issues of the case to that body that then it is certainly, to our minds, illogical to hold that the defense did not have notice of what they

were to defend. In so holding there is clearly no injustice done and when it is made to appear from the record that counsel does appear and state the issues then they are estopped to assert lack of notice.

 It is most strenuously and forcefully insisted that we cannot consider what was stated to the court and jury before going into the trial as to what the action was about and as to the defenses because to do so calls for a consideration of the evidence and of matters not appearing on the face of the technical record. This insistence was made in the Court of Appeals and sustained. When it is necessary to consider the evidence introduced the appellate courts cannot do so unless a motion for a new trial was filed calling the errors of the trial court to that court's attention. In the instant case no motion for a new trial was filed because it was considered that the motion in arrest of judgment amounted to, in substance, a demurrer to the warrant and that the only things that could be considered were what appeared on the face of the record. A motion for a new trial serves two purposes, viz.: One, it suspends the judgment so that the trial judge may have an opportunity to correct any error that he might have made; and two, to set forth the errors that he is supposed to have made as a ground and prerequisite to a review by the appellate court where such errors depend upon a bill of exceptions. *Memphis St. R. Co. v. Johnson,* 114 Tenn. 632, 88 S.W. 169, many others can be found by Shepardizing this case. It is not our intention to change or vary this rule in any degree.

 In the instant case we think that the stipulations and statements made amounted to oral amendments to the pleadings. As we said above, and cited authority

therefor, these justice of the peace cases may be amend-
ed *ore tenus*. In the instant case the warrant was not
amended by the proof but by a stipulation and statement
relative to the cause of action itself wherein it was shown
that the defendant had absolute knowledge of everything
that he or she was being sued for and we think, as stated
above, that this record shows that without consideration
of the proof. Such a stipulation to cases of this kind
are clearly a part of the technical record when properly
certified to us by the trial court as this record is.

For the reasons expressed the judgments below are
reversed and set aside. Judgment may here be rendered
in favor of the planitiff for the damage to her car for
$334.16.

## On Petition to Rehear

The defendant in error has filed herein a dignified,
sincere, courteous and forceful petition to rehear.

We have very carefully considered this petition which
was to some extent anticipated because of the fact that
we knew that the doctrine of *stare decisis* would be relied
upon. We are very much aware of this doctrine and be-
lieve in it as is evidenced by a number of opinions cited
in the petition to rehear which were prepared for the
Court by the author of this opinion. When it comes to
a point though that an injustice is done and the real
rights and merits of the parties are not arrived at by
the interpretation of some former opinion it then be-
comes the duty of the Court to distinguish that opinion.
That is all that we have done herein.

Before preparing this opinion and while the case was
pending petition for *certiorari* the members of this Court

discussed the matter several times. After this we heard the case orally argued and ably so, and then the opinion was prepared and the matter was discussed again in conference and we arrived at the conclusions that we did in the opinion, deliberately and for the reasons therein expressed. After very carefully considering this petition to rehear we are again satisfied with what we have held in the original opinion and think any distinctions made therein from former cases are correct and applicable under the facts and circumstances and conditions as they now exist. We appreciate counsel's sincerity but for the reasons stated in the original opinion the petition to rehear must be overruled.