# CLOIE CONNER, Adm'x, etc., v. GEORGE W. HOLBERT et al.—354 S. W. (2d) 809.

Eastern Section.  June 27, 1961.

Rehearing Denied August 18, 1961.

Petition for Certiorari Denied by Supreme Court, December 8, 1961.

320

See also 204 Tenn. 164, 319 S. W. (2d) 72.

Hugh C. Simpson, Knoxville, for appellant George W. Holbert.

Ely & Ely, Knoxville, for appellees.

McAMIS, P. J.  These consolidated cases involve the title to a small, improved tract of land in Knox County conveyed by the Clerk and Master of the Chancery Court of Knox County on December 9th, 1935, to Margaret Holbert who died December 10, 1952, as the result of a gunshot wound inflicted by her husband, appellant George W. Holbert.

Since the questions to be decided on this appeal arise under the cross bill of George W. Holbert, it is not deemed necessary to refer to the various other pleadings. The principal questions are whether, by reason of the alleged payment of the consideration by George W. Holbert, a trust in his favor resulted and, if not and the title vested in Margaret Holbert free of any trust, whether Holbert can claim curtesy rights in the property notwithstanding his conviction of voluntary manslaughter for the killing of Margaret Holbert.

The Chancellor found and decreed that there was no resulting trust and that the real purpose of George W. Holbert in purchasing the property in the name of Margaret Holbert was either to make a gift to her or to fraudulently defeat the claims of his creditors.  We think it is obvious that if his purpose was to defeat creditors the question of who paid the consideration would become immaterial and there could be no enforceable resulting

trust. We, therefore, give first consideration to that question. We are of opinion the evidence not only does not preponderate against the finding of the Chancellor that the purpose was fraudulent but that the great weight of the evidence supports it.

The Chancellor's finding on this question is set forth in the decree as follows:

"And the Court further finds that cross-complainant George W. Holbert is not entitled to any relief in this cause because he comes into this, a court of equity, with unclean hands in that he, among other things, admits and the other proof shows that he placed said property in the name of Margaret Holbert in 1935 for the express purpose of hindering, delaying and defrauding his creditors, (and) during said long period of time he took advantage of said situation and the condition of said title to avoid the payment of his just debts."

The record reveals that, prior to the conveyance of the property by the Clerk and Master, Holbert and the grantee were not legally married though she was being held out to the public as his wife and was pregnant by him. They subsequently went through a marriage ceremony and lived together on the property here in question until the death of Mrs. Holbert on December 10, 1952. Appellee, Nickey Holbert, is a child of these parties.

It also appears from the admission of George Holbert and from all the proof that he was, at that time and thereafter, engaged in the illegal business of selling whiskey for which he had been and was subsequently convicted both in the State and Federal Courts. The only reason ever offered by Holbert for not taking title

to this property in his own name was "the hazards" of the business in which he was engaged. This can only mean that his purpose was to continue his illegal operations without running the risk of confiscation of the property. Other proof is to the effect that he stated about the time the property was bought that title was taken in Margaret's name to keep his second wife from getting it and because of "the nature of his business". There is proof that he was then under judgment of a large fine in the Federal Court for engaging in the whiskey business and, although the Federal Prohibition Law had been repealed, there is no proof that he was aware (if such be the case) that as a result of repeal he would be relieved of this judgment.

T. C. A. sec. 64-315 provides:

"Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud, *either present or future creditors,* is fraudulent as to both present and future creditors." (Italics ours)

The record is clear that Holbert used the condition of the title to this property at all future times to repel the efforts of creditors to collect claims against him by saying to officers with executions in their hands that he owned nothing and that the property here in question belonged to his wife, thus showing a pattern and purpose, every facet of which is consistent with an original fraudulent intent continuing over a period of approximately eighteen years during which he carried on his illegal operations in defiance of law and of his creditors.

It may be true as argued that the test of validity is the intent and purpose of Holbert at the time the title

was taken in the name of his intended wife; but proof of the fraudulent use of that device thereafter is competent as evidence of his original intent and the record leaves no doubt that it was so used.

■ We fully concur in the holding of the Chancellor that Holbert must be repelled in his action to claim title to the property in a court of equity on the ground of unclean hands. Since relief will be denied on that ground it is not necessary to decide other grounds upon which the cross bill was dismissed.

■ We are also of opinion the Chancellor was correct in denying curtesy right under T. C. A. sec. 31-109 providing in part as follows:

"Any person who shall kill * * * any other person from whom such person so killing * * * would inherit the real property, or any part thereof, * * * by deed, will, or *otherwise,* at the death of the deceased, shall forfeit all right, interest, and estate in, and to said property * * *, provided that this section shall not apply to any such killing as may be done by accident, or in self-defense." (Italics ours)

■ The italicized "otherwise" shows the comprehensive nature of the statute and, in our opinion, includes the right of curtesy. Cases from other jurisdictions cited in the brief which seem to hold that the right of curtesy is not defeated where the husband has feloniously taken the life of his wife are based upon statutes containing less comprehensive language than the Tennessee statute and, for that reason, can not be accepted as authoritative.

■ But, it is argued, curtesy initiate has not been abolished in Tennessee and, as we understand the argument, to hold that it is lost and never ripens into curtesy consummate upon the death of a wife feloniously killed by the husband amounts to a "forefeiture of estate" forbidden by the Constitution of Tennessee. Beddingfield v. Estill & Newman, 118 Tenn. 39, 100 S. W. 108, 9 L. R. A., N. S., 640, is cited as holding that the statute can not be given the effect of forfeiting vested rights.

We think the insistence that curtesy initiate is a vested estate is fully answered by Day v. Burgess, 139 Tenn. 559, 202 S. W. 911, L. R. A. 1918 E, 692, from which we quote:

"We are of opinion that this is the soundest conception of the situation produced by such legislation; that is, to treat the curtesy initiate as not abolished or entirely destroyed, but as reduced from an estate that is vested to a right that is contingent. In this view the husband has not an estate, but more properly speaking a status entitling him to an estate by the curtesy consummate on the contingency that his wife dies. The precedent birth of a living child then becomes a mere condition of the vestiture of the estate by the curtesy consummate; and it is no longer the factor which creates in the husband a vested estate by the curtesy initiate."

We have considered other cases cited in the brief as holding contrary but find that none of them conflicts with the above holding which is based upon a full review of the authorities both in England and in this country and, needless to say, is binding on this court.

■ It is next insisted that the statute, T. C. A. sec. 31-109, does not apply where the homicide is of a degree

less than murder and that the right to take the property of the decedent can not be defeated where the offense is only voluntary manslaughter as in this case. We cannot agree. The statute applies if the killing is felonious or otherwise than by accident or necessary self defense.

█ The final question involves the conversion of certain government bonds belonging to the son, Nickey Holbert, for which the Chancellor granted a recovery. All of the proof shows that the bonds were converted and used by appellant to discharge his Federal tax liability and to some undetermined extent that of his wife. It is now insisted in this court, apparently for the first time, that since the tax liability constituted a lien on the property here involved the son benefited and should not be allowed to recover. It is not insisted that the son had inherited the property at the time of the conversion and we fail to see how the later inheritance of the property creates any equitable or legal defense to the claim of the son.

Other questions made in the assignments of error have been considered and found without merit.

All assignments of error are, accordingly, overruled. The decree is in all respects affirmed at the cost of appellant.

Hale and Cooper, JJ., concur.

ON PETITION TO REHEAR

McAMIS, P. J. Appellant has filed a petition to rehear insisting that we erroneously found that he had not insisted that the son had inherited the property at the time of the conversion of the bonds and the dis-

charge of the tax lien on the property. The petition fails to disclose where such insistence had been made. It does cite evidence which seems to indicate that the conversion was made and the tax lien removed after the death of Mrs. Holbert and the inheritance of the property by Nick Holbert.

The insistence of unjust enrichment was not made in the pleadings filed by appellant in the Chancery Court. Nor was there any claim that any part of the tax lien was for taxes owing by Mrs. Holbert. Defendant's answer (Tr. p. 46) reads:

"In 1950 it was deemed advantageous to sell said Loudon County farm and another bill was filed in the Chancery Court of Loudon County seeking a confirmation of said sale because of the minority of Nicky Ray and under decrees of said court his part of the proceeds of said sale was invested in United States government bonds. Later the United States Government made a deficiency assessment of income taxes *against defendant* and the penalties and interest thereon ran said tax assessment up to a considerable sum."

It will be seen that there was no mention of taxes owing by Mrs. Holbert. In addition to the lack of pleadings to support this insistence, it is well known that a joint tax return is often made to reduce the taxes owing by one of the spouses and there is no showing made by the petition that Mrs. Holbert owed any taxes on any personal income she may have had, if any.

We fail to see how the theory of unjust enrichment has any application under the pleadings and proof. And it is elementary that the parties on appeal will

not be permitted to depart from the theory on which they asked the trial court to determine their rights.

It is also argued for the first time in the petition to rehear that the amount of the decree is for more than the value of the bonds. There was no request that the Chancellor make a finding as to the value of the bonds or refer that question to the Master. The question of the value of the bonds can not be considered for the further reason that there is no assignment of error complaining of the alleged excessiveness.

The petition will be denied at petitioner's cost.

Hale and Cooper, JJ., concur.