MAX HASDEN and wife FLORA HASDEN v.
EVELYN E. McGINNIS. —387 S.W.(2d) 631.

Eastern Section. July 10, 1964.

Certiorari Denied by Supreme Court December 21, 1964.

James W. K. Johnson, Knoxville, for appellant Evelyn E. McGinnis.

Bernard E. Bernstein, Knoxville, for appellees, Max Hasden and wife Flora Hasden.

COOPER, J. This appeal is from a decree of the Chancery Court of Knox County avoiding the forfeiture of a lease, and denying the defendant-lessor possession of the leased premises.

The property involved is a warehouse building on McGhee Street in Knoxville, Tennessee and is valued in

excess of $125,000.00. In 1960, the building belonged to the complainants-lessees, Max Hasden and wife Flora Hasden. Being hard-pressed for funds to pay several short-term mortgages and a federal tax delinquency, the Hasdens transferred title to the warehouse building to the defendant, Evelyn E. McGinnis in August, 1960, for a named consideration of $50,000.00. At the same time and as part of the same transaction, Mrs. McGinnis leased the property to the Hasdens for a ten year period at a net yearly rent of $4,000.00 to be paid at the monthly rate of $333.33—the Hasdens being required to pay the taxes, insurance, repairs, etc. The lease expressly provided that the lessor had the option to terminate the lease on breach of any covenant by the lessees. The lease also gave the Hasdens the option to repurchase the property for $50,000.00 at the end of the 10 year period.

The Hasdens made the rental payments for the months September through November, 1960. Their tenant, Cy Landis d/b/a Lee Textile Company, made the payment for the month of December, 1960. In the latter part of February, 1961, Landis gave two checks to Mrs. McGinnis in payment of the January and February rent. These checks were returned by the bank on which they were drawn marked "insufficient funds". Mrs. McGinnis, however, did not notify either Mr. Landis or the Hasdens, in Chattanooga, that the checks had been dishonored.

During this time Mrs. McGinnis was approached by "Save the Children Federation", a subsequent sublessee of the premises, who attempted to obtain an agreement by which it could make the required lease payments directly to Mrs. McGinnis, but was refused. Further, Mrs. McGinnis did not mention to "Save the Children Fed-

eration'' that the Hasdens were in default on the rent payments.

On April 5, 1961, Mrs. McGinnis notified the Hasdens that she was terminating the lease

"for the reason that you, as the lessees named in said instrument, have failed to pay the rent set out in said instrument for a period of more than sixty days."

A copy of the notice was sent to Mr. Cy Landis, who immediately called upon Mrs. McGinnis and tendered three months rent, which was refused. Later, certified checks for two months rent were mailed to Mrs. McGinnis, and were refused. This suit resulted.

After suit was filed and as the result of a motion by the defendant, the complainants paid all past-due rent into Chancery Court, and have kept the rent payments current during the almost three years this case has been pending in Court. Complainants also have kept the taxes current, and have adequate insurance on the property.

After trial, the Chancellor, pointing out that Mrs. McGinnis could be placed in the same position she was in at the time of the original transaction, concluded that ''to allow this forfeiture to stand would constitute unjust enrichment and would result in property worth at least $125,000 to be taken over for $50,000, and this disparity shocks the conscience of the Court'' and decreed that the forfeiture was void and of no effect. In doing so, and in order to protect Mrs. McGinnis against any possible loss, the Chancellor ordered the Hasdens to pay any rents that might be due, with interest, all costs, including the cost of taking proof, and a reasonable attorney's fee to Mrs. McGinnis's attorney as provided in the lease. The Chan-

cellor then ordered a reference to determine the amount of the judgment to be awarded.

 Forfeitures are not favored in equity and unless the penalty is fairly proportionate to damages suffered by the breach, relief will be granted when the lessor can, by compensation or otherwise, be placed in the same condition as if the breach had not occurred. Humphrey v. Humphrey, 254 Ala. 395, 48 So.(2d) 424, 31 A.L.R.(2d) 315; Twyford v. Whitchurch, 9 Cir., 132 F.(2d) 819; 3 Thompson on Real Property, Sec. 1467, p. 712; 32 Am. Jur., Landlord and Tenant, Sec. 847, pp. 720-721. The underlying principle is that a court of equity is a court of conscience and nothing will be permitted within its jurisdiction which is unconscionable. So a person, although having a legal right, will not be permitted to avail himself of that right for the purpose of injury or oppression. 16 A.L.R. 437; 31 A.L.R.(2d) 321.

In 3 Story, Equity Jurisprudence, 14th Edition, Sec. 1726, it is said to be a general principle ''that wherever a penalty is inserted merely to secure the performance or enjoyment of a collateral object, the latter is considered as the principal intent of the instrument, and the penalty is deemed only as accessory, and therefore as intended only to secure the due performance thereof or the damage really incurred by the non-performance. In every such case the true test (generally if not universally) by which to ascertain whether relief can or cannot be had in equity is to consider whether compensation can be made or not. If it cannot be made, then Courts of Equity will not interfere. If it can be made, then if the penalty is to secure the mere payment of money, Courts of Equity will relieve the party upon paying the principal and interest.''

The foregoing doctrine "has been applied by Courts of Equity to cases of leases where a forfeiture of the estate and an entry for the forfeiture is stipulated for in the lease in case of the non-payment of the rent at the regular days of payment; for the right of entry is deemed to be intended to be a mere security for the payment of the rent. * * * And in cases of this sort admitting of compensation there is rarely any distinction allowed in Court of Equity between conditions precedent and conditions subsequent." 3 Story, Equity Jurisprudence, 14th Edition, Sec. 1727.

We think, as found by the Chancellor in his well-considered opinion, that to permit a forfeiture to be declared in this case would be unjust, inequitable and unconscionable and that he acted correctly in voiding the forfeiture which had been declared by the defendant-lessor, Mrs. McGinnis.

Defendant strongly insists that the value placed on the property by the Chancellor was erroneous as (1) the evidence shows that the "true condition of the basement construction had been concealed from the 'appraisal' witnesses brought forward by the Hasdens," and (2) the valuation was based on the incorrect assumption that the termination of the lease terminated Hasdens' right-to-repurchase contained therein.

We have carefully read the record in this cause, with emphasis on the evidence relating to value of the property, and have concluded that there is no basis in fact to support the defendant's contention that the condition of the basement construction had been concealed from the appraisal witnesses. Further, we are of the opinion that the evidence overwhelmingly supports the Chan-

cellor's finding that the warehouse building was worth "at least $125,000."

As to the contention that the Hasdens' right-to-repurchase the property at the end of the lease period was not terminated even though the lease granting the right was forfeited, it should be noted that this theory is a complete departure from the theory upon which this case was tried in the Chancery Court.

"The rule is * * * that where both parties act upon a particular theory of the cause of action or defense, they will not be permitted to depart therefrom on appeal." Thomas v. Noe, 42 Tenn.App. 234, 301 S.W.(2d) 391; Conner v. Holbert, 49 Tenn.App. 319, 354 S.W.(2d) 809.

Having found no merit in defendant's assignments of error, the decree of the Chancellor is affirmed, and the cause is remanded for proceedings consistent with said decree. Costs incident to the appeal are adjudged against Evelyn E. McGinnis and her surety.

McAmis, P. J., and Parrott, J., concur.