IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

March 1, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES MILLER | ) | MONROE COUNTY |
| | ) | 03A01-9504-CH-00123 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. EARL H. HENLEY, |
| | ) | CHANCELLOR |
| | ) | |
| MILLER BROTHERS FARMS, INC. | ) | |
| LARRY L. MILLER, | ) | |
| GARRY MILLER and | ) | |
| ALLEN MILLER | ) | |
| | ) | |
| Defendants-Appellees | ) | AFFIRMED AND REMANDED |

JOHN W. CLEVELAND OF SWEETWATER FOR APPELLANT

JEFFREY L. CUNNINGHAM OF ATHENS FOR APPELLEES

O P I N I O N

Goddard, P.J.

This is the second appeal in a continuing dispute between four of the sons of Andrew K. Miller, deceased; namely, James Miller, Larry L. Miller, Garry Miller and Allen Miller.

The suit giving rise to the present appeal was filed by James Miller against Miller Brothers Farms, Inc., and his three brothers, Larry L., Garry, and Allen Miller. The original complaint contained the following three counts: Count One sought to terminate a certain lease entered into between Andrew K. Miller and Miller Brothers Farms, Inc., predicated upon the lessee's failure to pay rent as required by the lease. At trial and on appeal four other deficiencies were asserted: non-payment of taxes, failure to maintain replacement cost insurance, failure to maintain property, and failure to deliver insurance proceeds to the lessor. Count two sought a partition of the lands owned by Andrew K. Miller which were inherited by his sons, the individual parties to this suit. Count three sought a judicial dissolution of the corporation because the actions of the Defendant directors were "unlawful, oppressive and fraudulent, and that they were misapplying or wasting the corporate assets."

The Chancellor refused to declare a forfeiture of the lease or a judicial dissolution of the corporation, resulting in this appeal by James, insisting he was in error in both respects.

At the outset, two matters need to be addressed. First, the decree in this cause is not a final one in that count two has not been resolved and remains pending. However, because the validity of the lease is significant in determining the value of the property if sold for a partition under count two, we deem it appropriate to treat this appeal both as to counts one and

2

three as a Rule 9 Interlocutory Appeal and suspend all uncomplied with requirements necessary for such an appeal.

Second, three motions to consider post-judgment facts have been filed, one by James Miller and the other two by the Administrator, C.T.A., for the Estate of Andrew K. Miller. All three are denied because either they do not meet the requirements of Rule 14 of the Tennessee Rules of Appellate Procedure for such motions, or do not address matters germane to the issues raised in this appeal.

As to the issue relating to forfeiture of the lease, the pertinent provisions thereof are as follows:

1. . . . .

Should any monthly installment remain in default thirty (30) days, then and in that event the Owner may give the Tenants a thirty (30) day written notice mailed by certified mail to their last known address, directing the Tenants to cure the deficiency and bring the payment to date within thirty (30) days of the written notice, and in the event that they fail to do so this contract or any balance thereon, or any unexercised rights thereunder, shall be forfeited and the balance of the contract declared null and void at the option of the Owner.

2. The Lessee agrees:
   (a) That it will pay the said rent at the times and in the manner aforesaid.

   (b) During the term hereof the Lessee shall pay all of the real estate taxes and in the event they fail to do so, the Lessor shall pay the taxes and the amount thus paid shall be added and be paid as a part of the rental herein provided.

   (c) That it will during the said term insure and keep insured in the name of the lessor any and all

3

buildings on the premises from loss and keep them insured in the name of the Lessor from loss or damage by fire in at least a sum equal to the cost to replace said buildings in insurance companies to be approved by the Lessor, and that it will pay all the premiums necessary for those purposes promptly after the same shall become due, and will promptly deliver to the Lessor the policies of insurance and the receipts for such premiums: Provided, that if the Lessee shall at any time fail to insure or keep insured as aforesaid, the Lessor may do all things necessary to effect or maintain such insurance, and any moneys expended to him for that purchase shall be repayable by the Lessee on demand, and may be recovered as rent in arrear.

. . . .

(g) That it will keep all buildings and premises, including the plumbing and electrical systems, in such repair as the same are at the commencement of the said term or may be put in during the continuance thereof, reasonable wear and tear and damage by fire or other unavoidable casualty only expected [sic] and will promptly replace all glass thereof broken during the said term by other of the same size and quality.

. . . .

4.    If the Lessee or its representatives or assigns shall neglect or fail to perform and observe any covenant which on the Lessee's part is to be performed, or if his leasehold estate shall be taken on execution, or if the Lessee shall be declared bankrupt or insolvent according to law, or shall make an assignment for the benefit of its creditors other than Sweetwater Valley Bank, then the Lessor may, immediately or at any time thereafter, but only with notice or demand to and the express written consent of Sweetwater Valley Bank, enter into and upon the premises or any part thereof, and repossess the same as of their former estate, and expel the Lessee and those claiming under him and remove their effects, forcibly, if necessary, without being taken or deemed to be guilty of any manner of trespass, and thereupon this lease shall terminate, but without prejudice to any remedies which might otherwise be used by the Lessor for arrears of rent or any breach of the Lessee's covenants.

5.    In case the premises or any part thereof shall at any time during the said term be destroyed or damaged by fire or other unavoidable casualty, the Lessor may keep any insurance proceeds which compensate for said loss, but this lease will continue in full force and

4

effect for the premises in its damaged or unimproved condition.

It will be noted from the foregoing that the rent to be paid was to be agreed upon by the parties annually. The proof showed that the lessees paid $1000 per month plus payments on a certain indebtedness previously incurred by Andrew Miller, as well as insurance and taxes. After the death of Andrew Miller the $1000 per month payments were not made and remained unpaid until the hearing before the Chancellor on November 17, 1994. After the hearing he ordered that the arrearage as to the monthly payments be made immediately to the Estate of Andrew Miller, and also the ensuing monthly payments, which he fixed at $1000.

As to the first insistence relative to failure to pay rent, the Defendants contend that because the lease required the rental amount to be determined annually, it was not paid because no such determination had been made. We agree with the Chancellor that it was appropriate, in light of the fact that $1000 cash plus other payments had been made in the past, this would be an appropriate amount to pay pending a determination of the annual rent. However that may be, it is clear from the lease agreement that before the lease can be declared void for failure to pay rent, notice must have been given by the lessor to the lessee. In the present case no such notice was given and the lease may not be forfeited for this reason.

As to the next two insistences relative to non-payment of taxes and failure to obtain appropriate insurance, the lease specifically provides the lessor may cure any deficiency and charge the same to the lessee.

Because the specific relief accorded by the lease to the lessor, as distinguished from the general relief relative to breach of any covenants, and the fact that forfeitures are not favored under our jurisprudence, Hooton v. Nacarato GMC Truck, Inc., 772 S.W.2d 41 (Tenn.App. 1989); Hasden v. McGinnis, 54 Tenn.App. 39, 387 S.W.2d 631 (1964), we are inclined to believe that the lessors' remedy would be as specifically set out in the lease relative to these two items, and that the Chancellor was correct in refusing to void the lease on those grounds.

With regard to the failure to maintain the property, the principal complaint is that repairs were not made after wind storm damage. It will be noted, however, that the lease specifically excepted[1] unavoidable casualty.

As to section 5 of the lease regarding insurance proceeds, it will be noted that the provision is not listed under covenants of the lessee and does not require the lessee to deliver insurance proceeds to the lessor. It only gives the lessor the right to retain them, which envisioned their being paid to the lessor rather than the lessee. Consequently, the

---

[1] The lease uses the word "expected" rather than "excepted"; however, it is clear from the context that this is a typographical error.

6

lessee did not breach this provision. Moreover, it should also be noted that Section 5 is separate and apart from Section 4, giving the lessor the right of re-entry for failure to perform the covenants enumerated in Section 2. Finally as to this point, we note that certain repairs were made by the insurance proceeds received by the lessee and others were contemplated depending upon a determination of the extent of the damage to a barn.

As to the issues concerning dissolution of the corporation, our review of the record persuades us that this is an appropriate case for affirmance under Rule 10(a) of this Court.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Plaintiff and his surety.

                                          _____
                                          Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.

7