**TAMCO SUPPLY, a Tennessee partnership composed of Thomas Leon Cummins and JoAnn C. Cummins**

v.

**Tom POLLARD, et al.**

Court of Appeals of Tennessee, Western Section, at Jackson.

April 6, 2000.

Application for Permission to Appeal Denied by Supreme Court Jan. 2. 2001.

Earl F. Johnson, John W. Palmer, Dyersburg, for appellant.

Karyn C. Bryant, Nashville, for appellees.

## OPINION

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS, J., and LILLARD, J., joined.

This appeal involves a dispute as to an erroneous description of real estate in a warranty deed. Because the description embraced property not owned by defendants-sellers, plaintiff-buyer seeks rescission and damages for the breach of the covenant of seisin. The facts are undisputed, and the trial court entered summary judgment for defendants holding that the transaction was a sale in gross, and the deficiency in the property was not

sufficient to "shock the conscience" of the court. Plaintiff has appealed.

This suit arises out of the sale of real property. From the order of the trial court granting defendants, Tom Pollard, Frank Burnett, Carolyn Burnett, Walter Hastings and Vivian Hastings, summary judgment, plaintiff-appellant, Tamco Supply (Tamco) appeals.

The complaint alleges that the defendants conveyed a parcel of real property to Tamco, a Tennessee Partnership composed of Thomas Leon Cummins and JoAnn C. Cummins, by Warranty Deed dated March 29, 1991, and recorded in Deed Book 271 page 390–91, Register's Office of Dyer County, Tennessee. The complaint further alleges that the description in the deed included property not owned by defendants and contained 48,462.558 square feet when their actual ownership was only 37,483.380 square feet. Plaintiff's amended complaint alleges that defendants breached the covenant of seisin and covenant of right to convey. Plaintiff avers that it cannot expand the structure located on the improved lot due to the error and asks the court to declare the deed void and award damages.

Defendants filed an answer on November 27, 1998, denying the allegations and asserting that the plaintiff's complaint was frivolous, in violation of Tenn.R.Civ.P. 11.

The material facts are not in dispute. On March 29, 1991, the defendants, conveyed a parcel of real property to Tamco. The property contained an improved lot with a building on it (the front lot) and one unimproved lot (the back lot). Mr. Hastings prepared the legal description contained in the deed based upon a survey of the improved lot prepared in 1977 and extended the call lines from the front lot to the back lot that had not been surveyed. The miscalculations resulted in 17.5% of the property described in the Warranty Deed being property which defendants did not own.

Thomas Cummins testified in his pre-trial discovery deposition that he contacted Mr. Hastings concerning the property and that Hastings informed him he would sell the front lot for $75,000.00 and the back lot for an additional $5,000. Cummins testified that when he first looked at the lot he had no idea where the east line of the property ended and that he did not see a description of the lot until he bought the property. He further stated that none of the defendants looked at the property with him before he bought it, that none of the defendants made any kind of representations to him as to where the property lines were, and that none of the defendants made any representations to him concerning the amount of acreage on the property. Cummins testified that he did not have the property surveyed in connection with its purchase. He further stated that he had no proof Mr. Hastings intentionally described the property erroneously.

Mr. Cummins testified that although he believed he owned the property on the east side of the fence and drainage ditch, he did not care for the property and that his neighbor mowed the property. Cummins stated that he had the property surveyed by Bobby Claunch, a licensed surveyor, over five years after he acquired the property, because he was having problems with the neighbors regarding the boundary line.

Mr. Claunch's affidavit concerning the survey states:

2. In 1996, ... Leon Cummins, hired me to survey his property on Brewer Road which is the subject of this lawsuit. In surveying the property, I found that Mr. Cummins' east property line ran in a northeasterly direction from the point of beginning on Brewer Road and that his property, due to the existence of a large ditch along the east line which has been on the property for approximately 22 years, is more narrow at the north end than it is on the south end. The property is approximately 110 feet wide where it fronts on Brewer Road. It narrows to 57.50 feet at the back of the

unimproved lot that is behind the lot that fronts on Brewer Road. The west property line is 474.40 feet and the east line 436.25 feet. The property according to my survey is 39,960 square feet.

3. When one of the defendants, Walter Hastings prepared the deed at issue in this case, he mistakenly extended the call lines from the front of the lot straight back to the back lot without accounting for the narrowing of the east line caused by the drainage ditch. He also excluded from his description 10 additional feet along Brewer Road. Mr. Hastings' description of the subject property in the deed includes 48,460 square feet.

4. My survey indicates that the property actually acquired by Plaintiffs is 17.5% short of Defendants' conveyance.

Plaintiff filed a motion for summary judgment contending that defendant breached the covenants of title contained in the deed. Defendants also filed a motion for summary judgment asserting that the sale was in gross and that, therefore, the deficiency was not enough to merit any relief.

On January 17, 1999, the trial court filed a memorandum opinion granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment, finding that the sale was a sale in gross and that there were no disputed material facts. The memorandum opinion states in pertinent part:

These motions were argued in open court on Friday, January 15, 1999. During oral arguments, attorney for the Plaintiffs stated that the sale in question was not a sale in gross. Plaintiffs' attorney conceded that the real issue to be determined by the Court is whether or not the sale was a gross sale. If the sale was in gross, then the Defendants are correct in their motion. If the sale was not in gross, then the Plaintiffs are correct in their position.

From a review of the record and defendants' statement of material and undisputed facts, it is clear that there were never any warranties, oral or written representations to the Plaintiffs from any Defendant. The record is devoid of any facts that would indicate any negligent misrepresentation or any fraud on the part of the Defendants. The issue, therefore, is clearly whether or not the sale was a sale in gross.

Tamco appeals from the order granting summary judgment and presents for review as stated in its' brief, "whether the grantee is entitled to relief when a grantor conveys real property by Warranty Deed and with covenant of seisin and the grantor does not own a portion of the land described in the deed."

■ A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn.R.Civ.P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. Both parties concede that there are no genuine issues of material fact.

■ The court's memorandum opinion noted that during oral argument, the plaintiff's attorney stated that the sale was not a sale in gross, conceding that the real issue was whether there was a sale in gross. If the sale was in gross, then defendants are correct in their position, but if the sale was not in gross, the plaintiff is correct in its position. On appeal, however, plaintiff states in its brief: "[T]hey concede the sale was in gross and not by the acre, but emphatically state that whether or not the sale was in gross is completely irrelevant." Thus, it appears

that plaintiff has a theory on appeal different from the theory asserted in the trial court. It is well settled in this state that a party on appeal will not be permitted to depart from the theory on which the case was tried in the lower court. Issues not raised or complained of in the trial court will not be considered on appeal. *Tops Bar–B–Que, Inc. v. Stringer,* 582 S.W.2d 756 (Tenn.Ct.App.1977); *Daniels v. Combustion Engineering, Inc.,* 583 S.W.2d 768 (Tenn.Ct.App.1978); *Conner v. Holbert,* 49 Tenn.App. 319, 354 S.W.2d 809 (1961).

In *Bearman v. Camatsos,* 215 Tenn. 231, 385 S.W.2d 91 (1964), our Supreme Court said:

> We have recognized a number of times the validity of an oral stipulation made during the course of a trial. *Shay v. Harper,* 202 Tenn. 141, 303 S.W.2d 335 [1957]. Further, an open court concession by the attorneys in the case constitutes a binding stipulation in this State. *Phelan v. Phelan,* 43 Tenn.App. 376, 309 S.W.2d 387 [1956].
>
> When a party makes a concession or adopts a theory by stipulation and his cause of action is determined on this concession or theory, then that party must abide by his decision even on appeal by certiorari. *Lewis & Sons v. Ill. Cent. R. Co.,* 150 Tenn. 94, 259 S.W. 903 [1924]; *Stearns v. Williams,* 12 Tenn. App. 427 [1930 WL 1716 (1930)].
>
> These stipulations will be rigidly enforced by the courts of this State. *State ex rel. Weldon v. Thomason,* 142 Tenn. 527, 221 S.W. 491 [1920]; *Tucker v. International Salt Co.,* 209 Tenn. 95, 349 S.W.2d 541 [1961].

*Id.* at 93.

Although the trial court's order should be affirmed by virtue of the above authorities, we conclude from our review of the record that the trial court should also be affirmed on the merits of the appeal.

Plaintiff asserts that defendants breached the covenants of seisin and the right to convey by purporting to convey a portion of the property which they did not own. Tamco cites several cases for this proposition. *See King v. Anderson,* 618 S.W.2d 478 (Tenn.Ct.App.1980); *Thompson v. Thomas,* 499 S.W.2d 901 (Tenn.Ct.App. 1973); *Rhodes v. Johnson,* 32 Tenn.App. 127, 222 S.W.2d 38 (1949). However, the cases relied upon differ from the one before us in that each case involved the purchaser not receiving property he contracted for the seller to convey. In the case at bar, the parties did not have a contract of sale, but it is undisputed that Mr. Cummins visited the property and visually observed the lots to be conveyed. He testified that he had no idea about the acreage or the size of the lots, that no representations were made to him concerning the boundary line. He chose not to have the property surveyed. He stated that the major discussion revolved around price for the property that he was interested in. The deed itself does not mention any specific size of the area conveyed.

There is no evidence of any fraud, misrepresentation or bad faith on the part of the defendants, and it is undisputed that the description in the deed mistakenly described the property. In Gibson's Suits in Chancery (Inman, 6th ed.) Section 392, it is stated:

> **392. Cases Arising From Mistake.—** A mistake may be defined to be an act which would not have been done, or an omission which would not have occurred, but from ignorance, forgetfulness, inadvertence, mental incompetence, surprise, misplaced confidence, or imposition.
>
> The following mistakes of law and fact will be relieved against: ... (8) where land is sold and the deed conveys more or less than the contract call for; ....

In 77 Am.Jur.2d, *Vendor and Purchaser,* § 101 (1997), it is stated:

> For the purpose of determining whether relief shall be granted upon the ground of mistake as to the quantity of the land which is the subject of a contract of sale, contracts for the sale of

land fall into two general classes: (1) sales by the acre, where the sale is of a specific quantity, and (2) sales in gross, sometimes referred to as contracts of hazard, where the sale is of a specific tract by name or description, but without any specification of the quantity of land contained in such tract. . . .

\* \* \*

 The significance of whether a contract for the sale of land is denominated as a sale by the acre or a sale in gross lies in the fact that the rights and liabilities of the parties to a sale of land by the acre materially differ from those arising out of a sale in gross, unless relief is sought on the ground of fraudulent misrepresentation. As a general rule, relief from a mistake as to the quantity of land sold and purchased is more readily obtainable where the sale is by the acre than where it is in gross, since in the latter type of sale, the parties have intended to contract with reference to certain boundaries rather than with reference to the quantity of the property. Where the sale is deemed to be by the acre, a deficiency, no matter how small, or an excess in acreage may justify an adjustment of the purchase price. On the other hand, where the sale is deemed to be in gross, a deficiency or excess in acreage will not ordinarily justify an adjustment of the purchase price or rescission, at least in the absence of actual fraud or warranty of quantity, unless there is a palpable and unreasonable disparity between the estimated and the actual quantity of land covered by the contract resulting from a mutual mistake as to this fact.

 In determining whether a sale is by the acre or in gross, the intention of the parties controls and must be given effect. 77 Am.Jur.2d *Vendor and Purchaser* Sec. 104 (1997). In *Faithful v. Gardner,* 799 S.W.2d 232 (Tenn.Ct.App. 1990), this Court recognized several factors to consider in a determination of whether a sale of real estate is by the acre or in gross, stating:

One of the most important facts to be considered is the way in which the purchase price is stated in the contract. A contract in which the price is expressed as a lump sum as opposed to a price per acre (or per unit) tends to show a sale in gross. *Acuff v. Allen,* 28 Tenn.App. 451, 191 S.W.2d 196 (1945);.. Another factor to be considered in determining whether the sale is in gross or by the unit is the way in which the quantity of land is specified in the contract. As noted in 77 Am.Jur.2d *Vendor and Purchaser* § 99 (1975):

Where land is described by certain monuments, lines, and courses, and also as containing a certain quantity, the words expressing the quantity are not ordinarily to be considered as a covenant that the land contains such quantity, but are to be taken as merely descriptive. Thus, a sale in gross will be inferred where the contract particularly designates the property by name, by courses and distances; by metes and bounds, the most common form of description; or by reference to a plat, plan, blueprint, government survey, or prior deed, patent, or grant.

*Id.* at 235–236.

 The undisputed facts in this record reveal that the sale in the instant case was a sale in gross, and this is obviously why plaintiff conceded this fact in its brief. The scope of relief available to a purchaser of a sale in gross is stated by our Supreme Court in *Smith v. Grizzard,* 149 Tenn. 207, 212, 259 S.W. 537 (1924):

[T]he rule is that, where it clearly appears that the sale was made in gross, and not by the acre, and the purchaser not only had every opportunity afforded him to ascertain and satisfy himself definitely as to the extent and location and quantity and boundaries of the lands purchased, but actually did so, going personally upon the property and view-

ing it from every angle, he has no right to recover for a deficiency, unless actual fraud is proven, or the circumstances and the deficiency are such as to raise a presumption of fraud. The expression frequently used in this connection, "so great as to shock the conscience of the court," occurs always in direct association with the suggestion of a presumption of fraud. In other words, relief will be granted where a deficiency is so great as to shock the conscience of the court because a presumption of fraud must thereupon arise.

259 S.W. at 538.

Under the facts of this case, a deficiency of 17.5 percent is not so great as to shock the conscience of the Court.

The order of the trial court granting summary judgment to defendants and denying summary judgment to plaintiff is affirmed. The case is remanded to the trial court for proceedings to reform the deed in question and thus establish the correct land titles of record. Costs of the appeal are assessed against appellant, Tamco Supply.